UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA HEPPARD<br>3636 Hughes Road<br>Mount Orab, OH 45154<br><br>*on behalf of herself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>DUNHAM'S ATHLEISURE CORPORATION<br>c/o The Corporation Company<br>40600 Ann Arbor Road, Suite 201<br>Plymouth, MI 48170<br><br>    Defendant. | Case No.<br><br>Judge<br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Jessica Heppard, by and through undersigned counsel, and for her Complaint against Defendant Dunham's Athleisure Corporation, d/b/a Dunham's Sports, states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly situated employees, wages for all hours worked, including overtime compensation at the rate of one and one-half times their

regular rate of pay for all the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

2. Plaintiff also brings this action as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. 4111.03.

## JURISDICTION AND VENUE

3. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendant because its principal place of business is in Michigan.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's corporate office and principal place of business is located in Oakland County, Michigan, Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this

District and Division.

## PARTIES

7. At all material times, Plaintiff was a resident of Brown County, Ohio.

8. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and Ohio R.C. 4111.03(D)(3).

9. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10. At all material times, Defendant was and is a corporation headquartered in Oakland County, Michigan, with its corporate office and principal place of business located at: 5607 New King Drive, Suite 125, Troy, Michigan 48098.

11. At all material times, Defendant was and is an employer within the meaning of 29 U.S.C. § 203(d) and Ohio R.C. 4111.03(D)(2).

12. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

14. Plaintiff's written consent to this action is attached hereto as Exhibit A.

15. Written consents to join this action, as and when executed by other

individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

16. Defendant owns and operates over 240 sporting goods stores in over 20 states under the trade name "Dunham's Sports", where it employs hourly, nonexempt employees, including sales floor team members, cashiers, key team leaders, team coordinators, and team managers (collectively "retail store associates").

17. From approximately September 27, 2021 through December 15, 2021, Plaintiff was employed with Defendant as a full-time retail store associate at the Dunham's Sports located in Hillsboro, Ohio. Specifically, Plaintiff's job title was team manager.

18. Plaintiff and other similarly situated retail store associates at Defendant's various store locations had substantially similar job duties and/or responsibilities and were subjected to the same policies and procedures.

19. Defendant uniformly applied the policies, practices, and procedures to all retail store associates at each of its retail store locations.

20. Defendant classified Plaintiff and other similarly situated retail store associates as non-exempt employees.

21. Defendant paid Plaintiff and other similarly situated retail store associates an hourly wage.

22. Plaintiff and other similarly situated retail store associates regularly worked more than 40 hours per week.

23. Plaintiff and other similarly situated retail store associates were subjected to the same willful and unlawful practice in which Defendant failed to pay them for all hours worked at the end of their shifts, hours worked off-the-clock, and overtime compensation for all of the hours they worked over 40 each workweek.

**(Failure to Pay For All Hours Worked)**

24. Defendant has instituted and enforced a security policy which requires retail store associates to leave the store at the end of the night in groups.

25. Defendant has also instituted a policy which requires retail store associates to clock out prior to completing all of their required tasks and closing procedures. In addition to their closing tasks, retail store associates also have to wait for other retail store associates to complete their closing tasks before leaving the store.

26. Defendant required Plaintiff and other similarly situated retail store associates to clock out before completing closing tasks, and required Plaintiff and other similarly situated retail store associates to wait until all store closing procedures were completed before any of them were permitted to leave the store.

27. Plaintiffs and other similarly situated retail store associates were required by Defendant to perform unpaid work off-the-clock at the end of their shifts

including, but not limited to:

    (a)    straightening up the store;

    (b)    cleaning the store;

    (c)    organizing shelves and merchandise;

    (d)    taking out the trash;

    (e)    printing end-of-day paperwork (e.g., sales reports, discrepancy reports, inventory audits, gun audits, etc.);

    (f)    waiting for other retail store associates to complete closing tasks; and/or

    (g)    setting store alarms and locking doors and gates.

28. Plaintiff and other similarly situated retail store associates performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

29. Defendant knew Plaintiff and other similarly situated employees performed this unpaid work because Defendant required them to perform it and supervisors observed them performing it.

30. Plaintiff estimates that, on average, she and other similarly situated retail store associates spent approximately 20 to 30 minutes per day performing this unpaid work.

31. This unpaid work performed by Plaintiff and other retail store

associates was practically ascertainable to Defendant.

32. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other retail store associates. It could have been precisely recorded for payroll purposes simply by allowing them to clock out after they performed the aforementioned tasks.

33. This unpaid work performed by Plaintiff and other retail store associates constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

34. Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated retail store associates for their end of shift and off-the-clock work.

**(Failure to Pay Overtime Compensation)**

35. Plaintiff and other similarly situated retail store associates regularly worked more than 40 hours each workweek.

36. Plaintiff estimates that, on average, she worked approximately 60 hours each workweek.

37. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

**(Failure to Keep Accurate Records)**

38. Upon information and belief, Defendant failed to make, keep, and

preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated retail store associates employed by Defendant.

**(Defendant Willfully Violated the FLSA)**

39. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

41. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All current and former non-exempt full-time retail store associates (i.e., sales floor team members, cashiers, key team leaders, team coordinator, and team managers) employed by Dunham's Athleisure Corporation at one or more of its retail store locations in the United States at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter.

42. Plaintiff is unable, at this time, to state the exact size of the potential class, but upon information and belief, avers that it consists of more than 1,000 persons.

43. This action is maintainable as an "opt-in" collective action pursuant to

29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.  In addition to Plaintiff, numerous current and former retail store associates are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

44. The similarly situated retail store associates are known to Defendant and are readily identifiable through its payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

45. Although the exact amount of damages may vary among the similarly situated employees in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All current and former non-exempt full-time retail store associates (i.e., sales floor team members, cashiers, key

9

team leaders, team coordinator, and team managers) employed by Dunham's Athleisure Corporation at one or more of its retail store locations in the state of Ohio at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter.

47. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least one hundred persons.

48. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

(a) whether Defendant failed to pay overtime compensation to its non-exempt retail store associates for hours worked in excess of 40 each workweek; and

(b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

49. The claims of the named Plaintiff Jessica Heppard are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

50. Named Plaintiff Jessica Heppard will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's

counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

51. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**

**(Violations of Fair Labor Standards Act)**

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Defendant's practice and policy of not paying Plaintiff and other

similarly situated retail store associates for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

55. Defendant's failure to keep records of all the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated retail store associates violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

56. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

57. As a result of Defendant's practices and policies, Plaintiff and other similarly situated retail store associates have been damages in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

**(Violations of Ohio Minimum Fair Wages Standards Act)**

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Defendant's practice and policy of not paying Plaintiff and other similarly situated retail store associates for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of

the hours they worked over 40 each workweek violated the OMFWSA, Ohio R.C. § 4111.03.

60. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated welders violated the OMFWSA, Ohio R.C. § 4111.03.

61. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

62. As a result of Defendant's practices and policies, Plaintiff and other similarly situated retail store associates have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b);

C. Issue an order certifying the Ohio Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

D. Award Plaintiff and the classes she represents actual damages for

unpaid wages;

E.    Award Plaintiff and the Ohio Class compensatory damages;

F.    Award Plaintiff and the classes she represents statutory liquidated damages in an amount to the unpaid wages found due to Plaintiff and the class under the FLSA and OMFWSA;

G.    Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

H.    Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

I.    Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

        Respectfully submitted,

        /s/ *Anthony J. Lazzaro*
        Anthony J. Lazzaro (MI P86195)
        Matthew S. Grimsley (OH 0092942)
        Lori M. Griffin (OH 0085241)
        The Lazzaro Law Firm, LLC
        The Heritage Building, Suite 250
        34555 Chagrin Boulevard
        Moreland Hills, Ohio 44022
        Phone: 216-696-5000
        Facsimile: 216-696-7005
        anthony@lazzarolawfirm.com
        matthew@lazzarolawfirm.com
        lori@lazzarolawfirm.com

        Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ *Anthony J. Lazzaro*
Anthony J. Lazzaro (MI P86195)
One of Plaintiff's Attorneys