# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JESSICA HEPPARD, on behalf of
herself and all others similarly situated,

               Plaintiff,

v.

DUNHAM'S ATHLEISURE
CORPORATION,

               Defendant.

CASE NO. 5:23-CV-10834

HON. JUDITH E. LEVY

MAG. ANTHONY P. PATTI

---

Matthew S. Grimsley  (OH 0092942)
Anthony J. Lazzaro  (P86195)
THE LAZZARO LAW FIRM, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Telephone:  (216) 696-5000
matthew@lazzarolawfirm.corn
anthony@lazzarolawfirm.com.

*Attorneys for Plaintiff*

Jessica G. Kingston  (P74417)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
Telephone:  (313) 446-6400
jgkingston@littler.com

Shannon K. Patton  (OH 0069407)
Alexander R. Frondorf (OH 0087071)
LITTLER MENDELSON, P.C.
127 Public Square, Suite 1600
Cleveland, Ohio 44114-9612
Telephone:  (216) 696-7600
spatton@littler.com
afrondorf@littler.com

*Attorneys for Defendant*

---

# DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Dunham's Athleisure Corporation ("Defendant") moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Defendant seeks an Order determining this case cannot proceed as a Fed. R. Civ. P. 23 class action. In compliance with L.R. 7.1, Defendant sought Plaintiff's concurrence on July 10, 2023 and was told that Plaintiff will oppose this Motion.

For the reasons set forth in Defendant's Brief in Support of this Motion, which is incorporated herein, Defendant requests that this Court render judgment accordingly.

Dated:  July 10, 2023

*/s/ Alexander R. Frondorf*

Shannon K. Patton (OH 0069407)
Alexander R. Frondorf (OH 0087071)
LITTLER MENDELSON, P.C.
127 Public Square, Suite 1600
Cleveland, Ohio 44114-9612
Telephone:  (216) 696-7600
spatton@littler.com
afrondorf@littler.com

Jessica G. Kingston (P74417)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
Telephone: (313) 446-6400
jgkingston@littler.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on July 10, 2023, via:

| | | | |
|---|---|---|---|
| _____ | U. S. Mail | _____ | Facsimile |
| ___X___ | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

*/s/ Alexander R. Frondorf*
Alexander R. Frondorf

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JESSICA HEPPARD, on behalf of
herself and all others similarly situated,

CASE NO. 5:23-CV-10834

          Plaintiff,

HON. JUDITH E. LEVY

MAG. ANTHONY P. PATTI

v.

DUNHAM'S ATHLEISURE
CORPORATION,

          Defendant.

---

Matthew S. Grimsley  (OH 0092942)
Anthony J. Lazzaro  (P86195)
THE LAZZARO LAW FIRM, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Telephone:  (216) 696-5000
matthew@lazzarolawfirm.corn
anthony@lazzarolawfirm.com.

*Attorneys for Plaintiff*

Jessica G. Kingston  (P74417)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
Telephone:  (313) 446-6400
jgkingston@littler.com

Shannon K. Patton  (OH 0069407)
Alexander R. Frondorf (OH 0087071)
LITTLER MENDELSON, P.C.
127 Public Square, Suite 1600
Cleveland, Ohio 44114-9612
Telephone:  (216) 696-7600
spatton@littler.com
afrondorf@littler.com

*Attorneys for Defendant*

---

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION
## FOR JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

PAGE

I.      INTRODUCTION ...........................................................................1

II.     FACTUAL BACKGROUND AS ALLEGED IN THE COMPLAINT ........2

III.    THE OHIO MINIMUM FAIR WAGE STANDARDS ACT
        PRECLUDES CLASS ACTIONS FOR OVERTIME WAGE
        CLAIMS ....................................................................................4

IV.     LAW AND ARGUMENT .............................................................5

        A.    Standard of Review .........................................................5

        B.    Ohio's Minimum Fair Wage Standards Act Requires All Parties
              to Opt-In to a Lawsuit Alleging Minimum Wage and/or
              Overtime Violations – Plaintiff's Class Action Allegations Run
              Afoul of This Law. ..........................................................7

        C.    Alternatively, this Court may Certify the Question to the Ohio
              Supreme Court. ..............................................................9

        D.    Otherwise, this Court Should Decline to Exercise Supplemental
              Jurisdiction. ...............................................................10

V.      CONCLUSION ...........................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bates v. Green Farms Condominium Assoc.*,
   958 F.3d 470 (6th Cir. 2020) .................................................................6

*De Asencio v. Tyson Foods, Inc.*,
   342 F.3d 301 (3rd Cir. 2003) .............................................................10

*Dillworth v. Case Farms Processing, Inc.*,
   No. 5:08-cv-1694, 2009 WL 2766991 (N.D. Ohio Aug. 27, 2009) ....................8

*Frazier v. Kent*,
   Nos. 2004-P-0077 and 2004-P-0096, 2005 WL 2542940 (Oct. 7,
   2005) ............................................................................................6

*Harris v. Bialecki*,
   No. L-94-319, 1995 WL 386443 (Ohio Ct. App. June 30, 1995) ......................6

*Havel v. Villa St. Joseph*,
   131 Ohio St.3d 235 (2012) ...................................................................8

*JPMorgan Chase Bank v. Winget*,
   510 F.3d 577 (6th Cir. 2007) .................................................................6

*Lehman Brothers v. Schein*,
   416 U.S. 386 (1974).............................................................................9

*Marras v. City of Livonia*,
   No. 07-12562, 2007 WL 3227594 (E.D. Mich. Nov. 1, 2007) ..........................6

*Oglesby v. FedEx Ground Package Sys., Inc.*,
   2023 WL 2596030 (S.D. Ohio Mar. 22, 2023)...........................................8

*Pennington v. State Farm Mut. Auto. Ins. Co.*,
   553 F.3d 447 (6th Cir. 2009) ..............................................................10

*Planned Parenthood Cincinnati Region v. Strickland*,
   531 F.3d 406 (6th Cir. 2008) .........................................................9, 10

*State ex rel. Thompson v. Spon*,
    83 Ohio St.3d 551 (1998) ................................................................................8

*Transamerica Ins. Co. v. Duro Bag Mfg. Co.*,
    50 F.3d 370 (6th Cir. 1995) ..........................................................................9

*Warner v. Orleans Home Builders, Inc.*,
    550 F.Supp.2d 583 (E.D. Penn. 2008) ........................................................11

**Statutes**

28 U.S.C. § 1331 ..............................................................................................10

28 U.S.C. § 1367 ..............................................................................................10

29 U.S.C. § 216 (b) ............................................................................................7

Fair Labor Standards Act .......................................................................*passim*

Ohio Minimum Fair Wage Standards Act .............................................*passim*

    Ohio Rev. Code § 4111.10(C) ..............................................................1, 7, 8

    Ohio Rev. Code § 4111.14(K)(2) ..........................................................4, 7, 8

**Other Authorities**

Fed. R. Civ. P. 12(c) ......................................................................................2, 5, 6

Fed. R. Civ. P. 23 ...................................................................................*passim*

Ohio Constitution, Article II, § 34a ................................................................4, 7

Rule XVIII of the Rules of Practice of the Supreme Court of Ohio .........................9

## QUESTIONS PRESENTED

**Question 1**:  Ohio's Minimum Fair Wage Standards Act requires that plaintiffs pursuing claims for alleged violations of the statute on a class or collective basis must affirmatively file a consent to opt-in. Plaintiff has filed her lawsuit as a purported class action for violation of the Minimum Fair Wage Standards Act under Fed. R. Civ. P. 23, which does not have an opt-in requirement, but instead, includes all class members unless any individuals affirmatively opt-out. Should Plaintiff be required to abide by the requirements of the Minimum Fair Wage Standards Act's provision requiring plaintiffs to opt-in to the litigation, as opposed to opting-out?

**Defendant Answers**:  Yes.


**Question 2**:  The Court is permitted to certify questions of state law to the supreme court of the respective state. At issue in this matter is whether Plaintiff is required to abide by the requirements of Ohio's Minimum Fair Wage Standards Act for her claim involving a violation of that Act. As an alternative to deciding on its own, should this Court certify this question to the Ohio Supreme Court for a determination?

**Defendant Answers**:  Yes, if needed.

**Question 3**:  To address Plaintiff's claim under Ohio's Minimum Fair Wage Standards Act, this court must exercise supplemental jurisdiction. District courts may decline to exercise supplemental jurisdiction over a claim if it raises a novel or complex issue of state law. As an alternative to ruling on Questions 1 or 2, should this court decline to exercise supplemental jurisdiction over Plaintiff's Minimum Fair Wage Standards Act claim, Count 2?

**Defendant Answers**:  Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Question 1**:     Ohio Rev. Code § 4111.10 (C);
                    Ohio Rev. Code § 4111.14 (K)(2)

**Question 2**:     *Planned Parenthood Cincinnati Region v. Strickland*,
                    531 F.3d 406 (6th Cir. 2008)

**Question 3**:     28 U.S.C. § 1367(c)

## I.     INTRODUCTION

Plaintiff Jessica Heppard alleges that Defendant Dunham's Athleisure Corporation ("Defendant" or "Dunham's") failed to pay her and other similarly situated employees for all time worked under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act.

While Plaintiff brings both an FLSA and Ohio Minimum Fair Wage claim, in 2022 Ohio law was brought into accord with the FLSA requirement that collective actions proceed on an opt-in basis only. Ohio Rev. Code § 4111.10(C) now provides that an employee must first give "written consent" to join a collective action for improper payment of wages and that the employee must opt-in. Therefore, the Court should render judgment in Defendant's favor and determine that this case cannot proceed on an opt-out, class action basis under Fed. R. Civ. P. 23.

In the alternative, as this is a question of Ohio law, the Court could certify this question to the Ohio State Supreme Court for its determination. The Court may also consider declining to extend supplemental jurisdiction over Plaintiff's Ohio state law claim.

## II.     FACTUAL BACKGROUND AS ALLEGED IN THE COMPLAINT[1]

Plaintiff was employed by Dunham's for almost four months in late 2021 at a retail store in Hillsboro, Ohio. ECF No. 1, PageID.4, ¶ 17. Plaintiff alleges Dunham's failed to pay Plaintiff and other employees for "hours worked at the end of their shifts, hours worked off-the clock, and overtime compensation for all the hours they worked over 40 each workweek." *Id*. at PageID.5, ¶ 23.

Plaintiff asserts that "Defendant has instituted a policy which requires retail store associates to clock out prior to completing all of their required tasks and closing procedures." ECF No. 1, PageID.5, ¶ 25. "Defendant…required Plaintiff and other similarly situated retail store associates to wait until all store closing procedures were completed before any of them were permitted to leave the stores." *Id*. at ¶ 26. "Plaintiff estimates that, on average, she and other similarly situated retail store associates spent approximately 20 to 30 minutes per day performing this unpaid work." *Id*. at ¶ 30.

Plaintiff alleges that "[a]s a result of Defendant's practices and policies, Plaintiff and other similarly situated employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek." ECF No. 1, PageID.7, ¶ 37. She also asserts that Defendant "failed to

---

[1]  As this is a Rule 12(c) motion for judgment on the pleadings, the facts contained in this section are based on the allegations in Plaintiff's Complaint and presumed true for the purposes of this Motion only.

make, keep and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated retail store associates." *Id*. at PageID.7-8, ¶ 38.

In support of her collective action allegations of a violation of the Fair Labor Standards Act ("FLSA"), Plaintiff alleges she and "similarly situated retail store associates" were adversely affected by Defendant's unlawful conduct. ECF No. 1, PageID.8, ¶ 40. She seeks the right to send "opt-in" notices for this collective action under the FLSA and she includes "current and former non-exempt full-time retail store associates... employed by [Dunham's] at one or more of its retail store locations in the United States" in the past three years. *Id*. at ¶ 41.

In support of her separate class action allegations under Fed. R. Civ. P. 23 for alleged violations of Ohio's Minimum Fair Wage Standards Act, Plaintiff makes similar assertions and purports to seek certification of a class including all of the potential collective action members working at Ohio retail store locations. ECF No. 1, PageID.9-10, ¶ 46. Plaintiff alleges that her claims are typical of these potential class members, arise out of the same course of conduct, and are based on the same legal theories. *See id*. at ¶ 49. However, as mentioned above, the plain language of the statute, including a recent amendment which took effect last July, foreclose individuals from seeking redress for alleged violations of the statute on a Rule 23 class basis.

Defendant denied the allegations in Plaintiff's Complaint and asserted affirmative and other defenses in its Answer filed May 24, 2023. In its Answer and subsequent communications with Plaintiff's counsel, Defendant alerted Plaintiff that this action cannot proceed as a Fed. R. Civ. P. 23 class action.

## III.   THE OHIO MINIMUM FAIR WAGE STANDARDS ACT PRECLUDES CLASS ACTIONS FOR OVERTIME WAGE CLAIMS

On November 7, 2006, Ohio voters passed Amendment 2, the Ohio Minimum Wage Increase Amendment ("Amendment"). The Amendment, codified at Ohio Constitution, Article II, § 34a, set a new minimum wage and mandates annual increases. *See* Ohio Const., Art. II, § 34a.

The Amendment permits individuals to bring a civil action on their own behalf and on behalf of similarly situated employees. *See* Ohio Const., Art. II, § 34a. It empowers the General Assembly to enact laws "to implement its provisions and create additional remedies, increase the minimum wage rate and extend the coverage of the section, but in no manner restricting any provision of the section or the power of municipalities under Article XVIII of this constitution with respect to the same." *Id.*

Shortly after voters approved the Amendment, the General Assembly enacted legislation to implement the Amendment. The law, in part, amended Ohio Revised Code § 4111.14 to include section (K)(2):

4

> No employee shall join as a party plaintiff in any civil action that is
> brought under division (K) of this section by an employee, person
> acting on behalf of an employee, or person acting on behalf of all
> similarly situated employees unless that employee <u>first gives written
> consent to become such a party plaintiff</u> and that consent is filed with
> the court in which the action is brought.

*Id.* at (K)(2) (emphasis added). This section prohibits plaintiffs from pursuing

Fed. R. Civ. P. 23 class actions to address alleged minimum wage violations. This

addition brought the process for adjudicating Ohio minimum wage claims on behalf

of similarly situated individuals in line with the federal law, the FLSA.

In 2022, the Ohio State Legislature amended the Act again to explicitly

address actions for payment of overtime wages with a revision to § 4111.10, adding

section (C):

> No employee shall join as a party plaintiff in any civil action that is
> brought under division this section by an employee, or person acting on
> behalf of all similarly situated employees unless that employee <u>first
> gives written consent to become such a party plaintiff</u> and that consent
> is filed with the court in which the action is brought.

*Id.* at (C) (emphasis added). As a result, claimants must affirmatively file written

consent with the court in order to become a party plaintiff in an action brough under

Chapter 4111.

## IV.   LAW AND ARGUMENT

### A.   Standard of Review

Any party may move for judgment on the pleadings after the pleadings close

if the party does not file their motion to delay trial. Fed. R. Civ. P. 12(c); *see also*

*Marras v. City of Livonia*, No. 07-12562, 2007 WL 3227594 at *2 (E.D. Mich.

Nov. 1, 2007).

> For purposes of a motion for judgment on the pleadings, all well-
> pleaded material allegations of the pleadings of the opposing party must
> be taken as true, and the motion may be granted only if the moving
> party is nevertheless clearly entitled to judgment. But we need not
> accept as true legal conclusions or unwarranted factual inferences. A
> Rule 12(c) motion is granted when no material issue of fact exists and
> the party making the motion is entitled to judgment as a matter of law.

*JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (cleaned up).[2]

To withstand a motion for judgment on the pleadings, Plaintiff's Complaint must

assert facts that entitle her to relief and support each element of her claims. *See*

*Frazier v. Kent*, Nos. 2004-P-0077 and 2004-P-0096, 2005 WL 2542940, ¶¶ 15-18

(Oct. 7, 2005); *see also Harris v. Bialecki*, No. L-94-319, 1995 WL 386443, *2

(Ohio Ct. App. June 30, 1995). Plaintiff's Complaint fails if its allegations and her

right to relief are speculative. *See Bates v. Green Farms Condominium Assoc.*, 958

F.3d 470, 483 (6th Cir. 2020) (recognizing that factual allegations must be enough

to raise a right to relief that is above the speculative level) (citation omitted).

---

[2] The parenthetical (cleaned up) signifies the author has removed extraneous, non-
substantive material like brackets, quotation marks, ellipses, footnote reference
numbers, and / or internal citations.

**B.    Ohio's Minimum Fair Wage Standards Act Requires All Parties to Opt-In to a Lawsuit Alleging Minimum Wage and/or Overtime Violations – Plaintiff's Class Action Allegations Run Afoul of This Law.**

Ohio voters explicitly empowered the General Assembly to pass laws to implement the Amendment, including the law that requires minimum wage claims brought on others' behalf to proceed as opt-in actions. *See* Ohio Const., Art. II, § 34a; *see also* Ohio Rev. Code § 4111.10(C) and Ohio Rev. Code § 4111.14(K)(2). By enacting these laws, the legislature did exactly what voters authorized it to do – implement the Amendment. The opt-in statutes are not unique to Ohio. In fact, Ohio law aligns with the FLSA and ensures that minimum wage and overtime claims brought under State law on behalf of other individuals proceed as opt-in collective actions, just like their federal counterpart. *See* 29 U.S.C. § 216 (b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Unlike Sec. 216(b), Fed. R. Civ. P. 23 provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members" if the requirements of Rule 23 are met. Unlike FLSA collective actions under Sec. 216(b), putative class members need not file written consents to join Fed. R. Civ. P. 23 class actions.

7

But in this case, Fed. R. Civ. P. 23 is superseded by Ohio Rev. Code § 4111.10(C) and § 4111.14(K)(2), where the Ohio state legislature mandated opt-in actions for minimum wage and overtime claims. It is well settled law that where a civil rule conflicts with a statute on substantive matters, the statute supersedes the conflicting rule. *See Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, ¶ 12 (2012); *see also State ex rel. Thompson v. Spon*, 83 Ohio St.3d 551, 555 (1998) (citation omitted). The opt-in mechanism mandated by the statute *is* a substantive matter because it concerns whether an employee may have their rights litigated without their knowledge and consent. *See e.g. Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2009 WL 2766991, *6 (N.D. Ohio Aug. 27, 2009) (recognizing that an opt-in requirement is substantive because it "is the device by which those rights are secured," as it prevents employees from "hav[ing] their rights litigated without their knowledge and express consent").

As a result, Plaintiff's allegations of a class action without an opt-in requirement under Fed. R. Civ. P. 23 for alleged violations of Ohio's Minimum Fair Wage Standards Act do not comply with the Act. *Oglesby v. FedEx Ground Package Sys., Inc.*, 2023 WL 2596030 at *2-4 (S.D. Ohio Mar. 22, 2023). As such, the Court should render judgment in Defendant's favor, determining this case cannot proceed as a Fed. R. Civ. P. 23 class action.

8

### C.     Alternatively, this Court may Certify the Question to the Ohio Supreme Court.

While the plain language of the statute is clear and unequivocal, to the extent the Court would like further clarity as to whether Plaintiff's attempt to pursue a Fed. R. Civ. P. 23 class action for her claims under Ohio's Minimum Fair Wage Standards Act runs afoul of that same law, this Court may certify the question to Ohio's Supreme Court.

Certification of an unresolved issue to a state supreme court is not obligatory, but instead lies within the federal court's discretion. *Lehman Brothers v. Schein*, 416 U.S. 386, 390-91 (1974). Certification is most appropriate if the state law question is new and unsettled. *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995) (citing *Lehman Brothers*, 416 U.S. at 390-91). A federal district court should also consider whether the Sixth Circuit has examined the issue or related principles and found them to be settled. *Id.* at 372.

"Rule XVIII of the Rules of Practice of the Supreme Court of Ohio provides the Supreme Court of Ohio with discretion to answer questions of Ohio law certified to it by the federal courts." *Planned Parenthood Cincinnati Region v. Strickland*, 531 F.3d 406, 410 (6th Cir. 2008). The Supreme Court of Ohio has expressed favor for such questions, indicating that "state sovereignty is unquestionably implicated when federal courts construe state law" and "certification ensures that federal courts will properly apply state law." *Id.* (cleaned up).

9

As set forth above, Defendant believes that there is a "reasonably clear and principled course" for the Court to follow and the Court can rule in its favor. *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (declining to certify question of state law to state court). But, to the extent the Court disagrees, it may exercise its discretion to certify the question to the Ohio Supreme Court, the ultimate arbiter of the Ohio laws and constitution at issue. *See Planned*, 531 F.3d at 410 citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 79, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997).

### D.    Otherwise, this Court Should Decline to Exercise Supplemental Jurisdiction.

In lieu of certifying a question to the Ohio Supreme Court, this Court may also decline to exercise supplemental jurisdiction over Plaintiff's Ohio state law claims and proceed to decide the merits of the FLSA claims. While this Court may have original jurisdiction over Plaintiff's FLSA claim because it arises under federal law (28 U.S.C. § 1331), to consider Plaintiff's state claim, the Court must exercise supplemental jurisdiction (28 U.S.C. § 1367).

District courts may decline to exercise supplemental jurisdiction over a claim if it raises a novel or complex issue of state law. *See* 28 U.S.C. § 1367(c); *see also De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3rd Cir. 2003) (finding district court should not have exercised supplemental jurisdiction over state labor law class action claims where court had federal question jurisdiction over FLSA claims).

Additionally, other district courts have found that allowing a state court action regarding overtime pay to proceed in a single suit with an FLSA collective action would "undermine Congress' intent in implementing an opt-in requirement for FLSA collective actions." *Warner v. Orleans Home Builders, Inc.*, 550 F.Supp.2d 583, 588 (E.D. Penn. 2008) (after an analysis of other court's decisions, finding the two claims incompatible and determining it would be an abuse of discretion to exercise supplemental jurisdiction over the state law claim).

## V.    CONCLUSION

Plaintiff cannot pursue a Fed. R. Civ. P. 23 class action for alleged violations of Ohio's minimum wage and overtime laws. Ohio law required that Plaintiff bring her Ohio claims for unpaid minimum wage and/or overtime as an opt-in action. Accordingly, a Fed. R. Civ. P. 23 action is not available, as Plaintiff has alleged here, where the statute mandates plaintiffs must opt-in to any action for claims under Ohio Rev. Code Chapter 4111. Defendant requests that the Court render judgment in Defendant's favor determining this case cannot proceed as a Fed. R. Civ. P. 23 class action. Alternatively, Defendant requests that the Court either certify this question to the Ohio State Supreme Court or decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

Dated:  July 10, 2023

*/s/ Alexander R. Frondorf*
Shannon K. Patton (OH 0069407)
Alexander R. Frondorf (OH 0087071)
LITTLER MENDELSON, P.C.
127 Public Square, Suite 1600
Cleveland, Ohio 44114-9612
Telephone:  (216) 696-7600
spatton@littler.com
afrondorf@littler.com

Jessica G. Kingston (P74417)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
Telephone: (313) 446-6400
jgkingston@littler.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on July 10, 2023, via:

| | | | |
|---|---|---|---|
| _____ | U. S. Mail | _____ | Facsimile |
| ___X___ | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

*/s/ Alexander R. Frondorf*
Alexander R. Frondorf

4860-0584-9195.8 / 120911-1001