# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JESSICA HEPPARD, on behalf of herself and all others similarly situated, | CASE NO. 5:23-CV-10834 |
| Plaintiff, | HON. JUDITH E. LEVY |
| v. | MAG. JUDGE ANTHONY P. PATTI |
| DUNHAM'S ATHLEISURE CORPORATION, | |
| Defendant. | |

---

| | |
|---|---|
| Matthew S. Grimsley  (OH 0092942)<br>Anthony J. Lazzaro  (P86195)<br>THE LAZZARO LAW FIRM, LLC<br>The Heritage Building, Suite 250<br>34555 Chagrin Boulevard<br>Moreland Hills, Ohio 44022<br>Telephone:  (216) 696-5000<br>matthew@lazzarolawfirm.corn<br>anthony@lazzarolawfirm.com.<br><br>*Attorneys for Plaintiff* | Jessica G. Kingston  (P74417)<br>LITTLER MENDELSON, P.C.<br>200 Renaissance Center, Suite 3110<br>Detroit, Michigan 48243<br>Telephone:  (313) 446-6400<br>jgkingston@littler.com<br><br>Shannon K. Patton  (OH 0069407)<br>Alexander R. Frondorf (OH 0087071)<br>LITTLER MENDELSON, P.C.<br>127 Public Square, Suite 1600<br>Cleveland, Ohio 44114-9612<br>Telephone:  (216) 696-7600<br>spatton@littler.com<br>afrondorf@littler.com<br><br>*Attorneys for Defendant* |

---

# DEFENDANT'S MOTION TO CERTIFY ORDER
# FOR INTERLOCUTORY APPEAL AND STAY THIS ACTION
# <u>PENDING APPELLATE REVIEW</u>

Defendant Dunham's Athleisure Corporation ("Dunham's" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C § 1292(b), files the following Motion to Certify Order for Interlocutory Appeal and Stay this Action Pending Appellate Review.

1. Plaintiff Jessica Heppard alleges that Defendant violated the Fair Labor Standards Act ("FLSA") and Ohio's Minimum Fair Wage Standards Act ("OMFWSA") and filed this case as a putative collective action and class action suit under these laws. ECF No. 1, PageID.1-15.

2. Defendant moved for judgment on the pleadings, arguing that plaintiffs pursuing claims for alleged violations under the OMFWSA must affirmatively file a consent to opt-in. As Plaintiff filed her lawsuit as a purported class action under Fed. R. Civ. P. 23, the suit failed to comply with the OMFWSA and could not proceed as a Fed. R. Civ. P. 23 class action. ECF No. 12, PageID.65.

3. On December 8, 2023, this Court entered an Opinion and Order rejecting Defendants' argument and denying Defendants' Motion for Judgment on the Pleadings.

4. In doing so, this Court expressly rejected the holding and analysis from the Southern District of Ohio that held that "the OMFWSA's opt-in provision is so bound up in the rights and remedies of its overtime liability scheme that it is substantive for Rules Enabling purposes." ECF No. 20, PageID.150-153 (describing

1

and rejecting *Hine v. OhioHealth Corp.*, No. 2:22-cv-3969, 2023 WL 5599666 (S.D. Ohio June 30, 2023).

5. This Court noted that other courts have come to the same conclusion as *Hine* – that opt-in laws implicate substantive rights or remedies. ECF No. 20, PageID.151. These courts included the U.S. District Courts for the District of Columbia and for the Northern District of Indiana.

6. Pursuant to 28 U.S.C § 1292(b), Defendant respectfully suggests that this Court's December 8, 2023 Opinion and Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

7. There are conflicting court opinions, including this Court's December 8, 2023 Opinion and Order and the *Hine* opinion from the Southern District of Ohio. The question of law is not settled by controlling Sixth Circuit or U.S. Supreme Court authority, and therefore genuine doubt exists about the governing legal standard.

8. A determination by the Sixth Circuit in Defendant's favor on this issue would result in a substantial savings of time and costs for the parties and this Court. As the Sixth Circuit and this Court noted, "'the decision to send notice of an [opt-in] FLSA suit to other employees is often a dispositive one' because the size and scale

of the collective action can grow so vast that defendants are forced to settle." ECF No. 20, PageID.154 (quoting *Clark v. A&L Homecare and Training Center, LLC*, 68 F.4th 1003, 1007 (6th Cir. 2023)).

9. Defendant sought Plaintiff's concurrence in the relief sought herein on January 2, 2024, but Plaintiff's counsel indicated they would not concur with the relief requested as set forth herein.

10. In support of this Motion, Defendant relies upon its Brief in Support of this Motion, which has been filed herewith and is incorporated herein by reference.

WHEREFORE, Defendant respectfully requests that the Court grants its Motion to Certify Order for Interlocutory Appeal and stays this case pending any appeal.

| | |
|---|---|
| Dated: January 3, 2024 | */s/ Jessica G. Kingston*<br>Jessica G. Kingston (P74417)<br>LITTLER MENDELSON, P.C.<br>200 Renaissance Center, Suite 3110<br>Detroit, Michigan 48243<br>Telephone: (313) 446-6400<br>jgkingston@littler.com<br><br>*Attorneys for Defendant* |

3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on January 3, 2024, via:

|            |              |            |                 |
|------------|--------------|------------|-----------------|
| _____    | U. S. Mail   | _____    | Facsimile       |
| __X____    | ECF Filing   | _____    | Hand Delivery   |
| _____    | E-Mail       | _____    | Federal Express |

*/s/ Jessica G. Kingston*
Jessica G. Kingston

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JESSICA HEPPARD, on behalf of herself and all others similarly situated, | CASE NO. 5:23-CV-10834 |
| Plaintiff, | HON. JUDITH E. LEVY |
| v. | MAG. JUDGE ANTHONY P. PATTI |
| DUNHAM'S ATHLEISURE CORPORATION, | |
| Defendant. | |

---

Matthew S. Grimsley  (OH 0092942)
Anthony J. Lazzaro  (P86195)
THE LAZZARO LAW FIRM, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Telephone:  (216) 696-5000
matthew@lazzarolawfirm.corn
anthony@lazzarolawfirm.com.

*Attorneys for Plaintiff*

Jessica G. Kingston  (P74417)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
Telephone:  (313) 446-6400
jgkingston@littler.com

Shannon K. Patton  (OH 0069407)
Alexander R. Frondorf (OH 0087071)
LITTLER MENDELSON, P.C.
127 Public Square, Suite 1600
Cleveland, Ohio 44114-9612
Telephone:  (216) 696-7600
spatton@littler.com
afrondorf@littler.com

*Attorneys for Defendant*

---

### DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION
### TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
### AND STAY THIS ACTION PENDING APPELLATE REVIEW

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ...............................................................................................1

II. PROCEDURAL HISTORY ................................................................................1

III. LAW AND ARGUMENT ...................................................................................2

    A. Controlling Questions of Law .................................................................3

    B. Given the Split Decisions Between Sister Courts of this Circuit, there is a Substantial Ground for Difference in Opinion. ......................4

    C. An Immediate Appeal May Materially Advance the Termination of the Litigation .................................................................4

IV. CONCLUSION ....................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AFT Mich. v. Project Veritas*,
   No. 17-13292, 2023 WL 3994361 (E.D. Mich. June 14, 2023) ....................... 4, 5

*Clark v. A&L Homecare and Training Center, LLC*,
   68 F.4th 1003 (6th Cir. 2023) ............................................................................. 3

*Hine v. OhioHealth Corp.*,
   No. 2:22-cv-3969, 2023 WL 5599666 (S.D. Ohio June 30, 2023) ................. 1, 4

*Holder v. A&L Home Care and Training Center, LLC*,
   552 F.Supp.3d 731 (S.D. Ohio 2021) ............................................................. 3, 5

*In re Miedzianowksi*,
   735 F.3d 383 (6th Cir. 2013) .............................................................................. 4

*In re Trump*,
   874 F.3d 948 (6th Cir. 2017) ........................................................................... 3, 4

**Statutes**

28 U.S.C. § 1292(b) ................................................................................................. 2, 5

Fair Labor Standards Act ......................................................................................... 1, 3

Ohio's Minimum Fair Wages Standard Act ........................................................ 1, 2, 5

Rules Enabling Act ................................................................................................... 1, 2

**Other Authorities**

Fed. R. Civ. P. 23 ........................................................................................................ 2

## ISSUE PRESENTED

On December 8, 2023, this Court denied Defendant's Motion for Judgment on the Pleadings and in support of its Opinion and Order declined to follow a decision out of the Southern District of Ohio regarding whether claims filed under Ohio's Minimum Fair Wage Act in federal court required potential plaintiffs to opt-in to a purported class. 28 U.S.C. § 1292(b) provides that a district judge may certify an interlocutory order for appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and … an immediate appeal from the order may materially advance the ultimate termination of the litigation". 28 U.S.C. §1292(b). As there is a difference of opinion between the District Courts in this Circuit on this issue and resolving the question may have a large effect on the resulting size of any potential class or collective (and in turn the pendency of this action), should this Court certify its Order for interlocutory appeal?

Defendant Answers:  Yes.

## CONTROLLING AUTHORITY

28 U.S.C. § 1292(b)

*In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017)

## I.     INTRODUCTION

Defendant seeks the Court's certification of its December 8, 2023 Opinion and Order denying Defendant's Motion for Judgment on the Pleadings for Appeal. As discussed at the hearing on Defendant's Motion, the Southern District of Ohio recently determined that the opt-in requirement in Ohio's Minimum Fair Wages Standard Act ("OMFWSA") is substantive and therefore the opt-out provision of the federal class action rule violated the Rules Enabling Act as applied to that plaintiff's claims. *Hine v. OhioHealth Corp.*, No. 2:22-cv-3969, 2023 WL 5599666 (S.D. Ohio June 30, 2023). This Court's December 8, 2023 Opinion and Order finds the opposite – that the OMFWA's opt-in requirement is procedural.

Given this difference in opinion between two Sixth Circuit District Courts on this discrete issue and the resulting effects on the class and collective certification process for Plaintiff's claims, an interlocutory appeal is appropriate to resolve this issue at the outset of this matter.

## II.    PROCEDURAL HISTORY

Plaintiff Jessica Heppard alleges that Defendant violated the Fair Labor Standards Act ("FLSA") and the OMFWSA. ECF No. 1. On July 10, 2023, Defendant moved for judgment on the pleadings, arguing that plaintiffs pursuing claims for alleged violations under the OMFWSA must affirmatively file a consent to opt-in as explicitly required by the Act. ECF No. 12, PageID.65.

1

This Court denied Defendant's Motion for Judgment on the Pleadings on December 8, 2023 (ECF No. 20), and expressly rejected Defendant's contention. ECF No. 20, PageID.150-153. In doing so, this Court rejected the holding and analysis from its sister court in the Sothern District of Ohio. *Id*. This Court concluded instead that although Fed. R. Civ. P. 23 and OMFWSA's opt-in requirement conflict, because the Court deemed OMFWSA's opt-in requirement as procedural and not substantive, the Rules Enabling Act is not exceeded by the application of Fed. R. Civ. P. 23 and the federal rule governs Plaintiff's state law claim. ECF No. 20, PageID.142-155.

This Court's December 8, 2023 Opinion and Order, and specifically its holding that the OMFWSA's opt-in requirement is procedural, "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." For the reasons set forth herein, Defendants therefore respectfully request that this Court certify its December 8, 2023 Order for interlocutory appeal by amending the Order to add the above language from 28 U.S.C. § 1292(b).

### III.  LAW AND ARGUMENT

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for appeal if "such order involves a controlling question of law as to which there is

substantial ground for difference of opinion and … an immediate appeal from the order may materially advance the ultimate termination of the litigation". *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. §1292(b)).

### A. Controlling Questions of Law

As an initial matter, the December 8, 2023 Order involves a controlling question of law. "A question of law is controlling if it could materially affect the outcome of a case." *Trump*, 874 F.3d at 951. Both the "sufficiency of a complaint" and "whether the complaint states a facially valid claim" are controlling questions of law. *Id.* at 951-952.

The elements considered in the certification of a class, including those that affect which individuals receive notice, involve a controlling question of the law sufficient for interlocutory appeal. *Holder v. A&L Home Care and Training Center, LLC*, 552 F.Supp.3d 731, 747 (S.D. Ohio 2021) vacated on other grounds *Clark v. A&L Homecare and Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023). The pressure on defendant to settle from the size of a collective "may materially affect the case's outcome." *Id.* (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 445, 130 S.Ct. 1431, 175 L.Ed.2d 311 (2010)).

Here, as the Sixth Circuit and this Court noted, "'the decision to send notice of an [opt-in] FLSA suit to other employees is often a dispositive one' because the size and scale of the collective action can grow so vast that defendants are forced to

settle." ECF No. 20, PageID.154 (quoting *Clark*, 68 F.4th at 1007).

### B. Given the Split Decisions Between Sister Courts of this Circuit, there is a Substantial Ground for Difference in Opinion.

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Trump*, 874 F.3d at 951 (quoting *Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id*. But, an interlocutory appeal may also be appropriate when "a difference of opinion exists within the controlling circuit." *In re Miedzianowksi*, 735 F.3d 383, 384 (6th Cir. 2013).

As the Court acknowledged, its decision is in direct contradiction to the recent *Hine* court ruling. ECF No. 20, PageID.150. Further, the Court appears to have acknowledged this ground for a difference of opinion in its quote from the *Hine* court's statement that the determination is "a very close call." ECF No. 20, PageID.150. An interlocutory appeal is appropriate to resolve this split.

### C. An Immediate Appeal May Materially Advance the Termination of the Litigation

The third requirement is "closely tied" to the controlling question of law requirement. *AFT Mich. v. Project Veritas*, No. 17-13292, 2023 WL 3994361

4

(E.D. Mich. June 14, 2023). Qualifying appeals include "those where, absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *Id.* (quoting *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022)).

A determination that OMFWSA's opt-in requirement is substantive and therefore applies to plaintiff's state law claim, "would impact the size of the collective and the time it takes to litigate the case." *Holder*, 552 F.Supp.3d at 747. When presented with a similar question, the *Holder* court determined that "[t]he size of the class and the investments of time and money have a direct bearing on settlement pressure, damages, and how the parties and the Court manage the litigation." *Id*. As a result, the *Holder* court found an interlocutory appeal appropriate as it "may move [the] litigation along." *Id*. Similarly here, certification of this Court's December 8, 2023 Order may materially advance the termination of this litigation.

## IV. CONCLUSION

For the reasons discussed above, the requirements for certification under 28 U.S.C. § 1292(b) are satisfied in the present circumstances. Defendant respectfully requests that this Honorable Court grant its Motion to Certify Order for Interlocutory Appeal, amend its December 8, 2023 Order accordingly, and stay this case pending any appeal.

| | |
|---|---|
| Dated:  January 3, 2024 | */s/ Jessica G. Kingston* |
| | Jessica G. Kingston  (P74417) |
| | LITTLER MENDELSON, P.C. |
| | 200 Renaissance Center, Suite 3110 |
| | Detroit, Michigan 48243 |
| | Telephone:  (313) 446-6400 |
| | jgkingston@littler.com |
| | |
| | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on January 3, 2024, via:

| | | | |
|---|---|---|---|
| _____ | U. S. Mail | _____ | Facsimile |
| X | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

*/s/ Jessica G. Kingston*
Jessica G. Kingston

6