UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jessica Heppard,

                Plaintiff,        Case No. 23-cv-10834

v.                                   Judith E. Levy
                                      United States District Judge

Dunham's Athleisure Corporation,
                                      Mag. Judge Anthony P. Patti

                Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO CERTIFY ORDER FOR INTERLOCUTORY
APPEAL AND FOR A STAY [24]**

Plaintiff Jessica Heppard brings a putative collective action and class action suit under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wages Standards Act ("OMFWSA"). (ECF No. 1, PageID.9–13.) She alleges that Defendant Dunham's Athleisure Corporation had a policy and practice of not paying employees for all hours worked, including for overtime, and that Defendant also failed to keep accurate records. (*Id.* at PageID.4–8.)

Before the Court is Defendant's motion to certify the Court's order denying Defendant's motion for judgment on the pleadings for interlocutory appeal and to stay the action pending the outcome of appellate review. (ECF No. 24.) The motion is fully briefed. (ECF Nos. 25, 27.)

For the reasons set forth below, Defendant's motion is denied.

**I. Background**

Plaintiff is a resident of Ohio and worked for Defendant from September 27 to December 15, 2021, as a full-time retail store associate in Hillsboro, Ohio. (ECF No. 1, PageID.3–4.) Defendant is a corporation with its principal place of business in Troy, Michigan. (ECF No. 6, PageID.29.)

Plaintiff alleges that Defendant had a policy requiring retail store associates to clock out before completing closing tasks, and that they could only leave the store when all employees were ready to leave. (ECF No. 1, PageID.5.) Plaintiff claims that these policies resulted in 20 to 30 minutes a day of unpaid work. (*Id.* at PageID.6.) Plaintiff also alleges that she worked about 60 hours each week but was not compensated for

her overtime hours, and that Defendant did not make, keep, or preserve accurate records of her unpaid work. (*Id.* at PageID.7–8.)

On July 10, 2023, Defendant filed a motion for judgment on the pleadings. (ECF No. 12.) In this motion, Defendant argued that Plaintiff's OMFWSA claim could not proceed as a Federal Rule of Civil Procedure 23 ("Rule 23") class action; instead, Plaintiff's claim must be brought as an "opt-in" collective action as described in the OMFWSA. (ECF No. 12, PageID.71.) The Court denied Defendant's motion for judgment on the pleadings and held that Plaintiff's OMFWSA claim could proceed as a class action under Rule 23. (ECF No. 20.)

## II. Legal Standard

A district court may permit a party to appeal a non-final order when that order "involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); *see also In re Trump*, 874 F.3d 948, 950–51 (6th Cir. 2017).

The burden is on the moving party to show that each requirement of § 1292(b) is satisfied. *See In re Miedzianowski,* 735 F.3d 383, 384 (6th

Cir. 2012). Such appeals are the exception, however, not the rule. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

### III. Analysis

Defendant's motion fails as it has not met its burden on the first and third § 1292(b) factors. Specifically, Defendant has not demonstrated that the Court's Order involves a controlling question of law, and that resolution of this issue would materially advance the ultimate termination of this suit.

Here, the Court ruled that Plaintiff's OMFWSA claim can proceed as a class action because the Ohio law conflicts with Rule 23, and Rule 23 does not exceed the Rules Enabling Act. (ECF No. 20.) As a result, Plaintiff may pursue her FLSA claim as a collective action suit and her OMFWSA claim as a class action suit. (*Id.*)

Defendant argues that the Court's Order (ECF No. 20) involves a question of law because "the 'sufficiency of a complaint' and 'whether the complaint states a facially valid claim' are controlling questions of law." (ECF No. 24, PageID.206 (citing *In re Trump*, 874 F.3d at 951–52).) However, Defendant has not explained how the Court's Order relates to the "sufficiency of [the] complaint" or whether the "complaint states a

4

facially valid claim." (*Id.*) In *Trump*, the Sixth Circuit examined the district court's order denying in part the defendant's motion to dismiss. *In re Trump*, 874 F.3d at 950. In contrast, the Court's Order ruled that Plaintiff's OMFWSA claim can be brought as a Rule 23 class action (ECF No. 20, PageID.155), and does not comment on the sufficiency of the complaint or whether Plaintiff has pled a facially valid claim.

Defendant also argues that the Court's Order is "controlling" because "the pressure on [D]efendant to settle from the size of a collective [action] 'may materially affect the case's outcome.'" (ECF No. 24, PageID.206 (quoting *Holder v. A&L Home Care & Training Ctr., LLC*, 552 F. Supp. 3d 731, 747 (S.D. Ohio 2021), *vacated and remanded sub nom. Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023)).) "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351.

Defendant has not sufficiently explained why this issue is "controlling." Defendant's quotes from *Holder* and *Clark* discuss the pressure that a defendant may feel if a court grants a motion for court-

5

facilitated notice to potential plaintiffs in a collective action suit.[1] This is an entirely different situation. First, the Court's Order does not allow Plaintiff to issue court-facilitated notice to potential plaintiffs; instead, it allows Plaintiff to pursue her OMFWSA claim as a class action. Second, unlike *Holder*, Plaintiff has not requested court-facilitated notice nor class certification, nor has the Court granted either request.[2] Defendant has not otherwise articulated how the Court's Order involves a "controlling question of law," or how it "could materially affect the outcome of [the] case." (ECF No. 24, PageID.206.)

---

[1] In *Holder*, the court referred to "conditional certification" of a collective action suit. *Holder*, 552 F. Supp. 3d at 736. Previously, courts within the Sixth Circuit referred to the process of court-facilitated notice as "certification." In *Clark*, which reviewed the *Holder* decision, the Sixth Circuit rejected the "characterization of the notice determination as a 'certification'" and stated that "the term 'certification' has no place in FLSA actions." *Clark v. A&L Homecare & Training Ctr. LLC*, 68 F.4th at 1009. Accordingly, the Court uses the term "court-facilitated notice" instead of "conditional certification."

[2] According to the complaint, Plaintiff is seeking a nationwide collective action and a state-wide class action. Both the collective action and the class action include "[a]ll current and former non-exempt full-time retail store associates (i.e., sales floor team members, cashiers, key team leaders, team coordinator[s], and team managers) employed by Dunham's Athleisure Corporation at one or more of its retail store locations . . . at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter." (ECF No. 1, PageID.8–10.) At this time, the Court does not know if the allegations in the complaint are sufficient to certify a class or approve court-facilitated notice, and indeed, the Court notes that a number of issues would need to be explained and resolved before such orders could be entered.

Similarly, Defendant has not met its burden with regard to the third § 1292(b) factor. *See* 16 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3930 (3d ed. 2023) ("The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law.").

"Appeals fulfilling [the third § 1292(b) factor] typically are those where, absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (quoting *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)). The appeal must do more than have the "potential to alter this litigation's path and outcome." *Id.* at 1009. An appeal cannot "materially advance the ultimate termination of the litigation" if "litigation will be conducted in substantially the same manner regardless of [the Court's] decision," *In re City of Memphis*, 293 F.3d at 351, or if "immediate review will not accelerate [the case's] end." *In re Somberg*, 31 F.4th at 1009.

The Court's Order does not materially advance the termination of this case. As set forth previously, Plaintiff has not received permission to

7

issue court-facilitated notice to potential plaintiffs for her FLSA claim, nor has she moved for class certification for her OMFWSA claim.

Defendant argues that "a determination that OMFWSA's opt-in requirement is substantive and therefore applies to plaintiff's state law claim, 'would impact the size of the collective and the time it takes to litigate the case.'" (ECF No. 24, PageID.208 (quoting *Holder*, 552 F. Supp. 3d at 747).) The Court disagrees. The Sixth Circuit's review of the Court's Order would not "impact the size of the collective," because, presently, there is no collective. Again, Plaintiff has not moved for court-facilitated notice for her FLSA claim, nor has she moved for class certification for her OMFWSA claim. *Holder*'s concerns about the size of a collective are not applicable here.

Furthermore, there is a possibility that the Court will rule against Plaintiff if she moves for class certification of her OMFWSA claim, which would moot the procedural issue. *See In re City of Memphis*, 293 F.3d at 351 (holding that an appeal was not appropriate because the question could become moot and because the parties could appeal the decision after final judgment). While the Court understands that Defendant is concerned about the "time it takes to litigate the case" and potential

8

"investments of time and money" (ECF No. 24, PageID.208), an interlocutory appeal would not "materially advance" this litigation. The appeal would only affect Plaintiff's method for pursuing her OMFWSA claim, not whether her claim is meritorious or if the suit should continue.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion to certify the Court's order for interlocutory appeal. (ECF No. 24.) Defendant's motion to stay this action pending appellate review is DENIED as MOOT.

IT IS SO ORDERED.

Dated: April 24, 2024   s/Judith E. Levy
Ann Arbor, Michigan    JUDITH E. LEVY
                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

9